# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **VIIV HEALTHCARE COMPANY, SHIONOGI & CO., LTD, and VIIV HEALTHCARE UK (NO. 3) LIMITED,** | : : : : | **CIVIL ACTION** <br><br> **17-1576** |
| *Plaintiffs*, | : : |  |
| v. | : : | |
| **LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC.,** | : : : | PUBLIC VERSION FILED MARCH 30, 2018 |
| *Defendants*. | : : : | |
| **VIIV HEALTHCARE COMPANY, SHIONOGI & CO., LTD, and VIIV HEALTHCARE UK (NO. 3) LIMITED,** | : : : : : | **CIVIL ACTION** <br><br> **17-1634** |
| *Plaintiffs*, | : : | |
| v. | : : | |
| **APOTEX INC. and APOTEX CORP.,** | : : | |
| *Defendants*. | : : : | |
| **VIIV HEALTHCARE COMPANY, SHIONOGI & CO., LTD, and VIIV HEALTHCARE UK (NO. 3) LIMITED,** | : : : : : | **CIVIL ACTION** <br><br> **17-1670** |
| *Plaintiffs*, | : : | |
| v. | : : | |
| **CIPLA LIMITED and CIPLA USA, INC,** | : : | |
| *Defendants*. | : : : | |

| | | |
|---|---|---|
| **VIIV HEALTHCARE COMPANY, SHIONOGI & CO., LTD, and VIIV HEALTHCARE UK (NO. 3) LIMITED,** | : : : | **CIVIL ACTION** **17-1678** |
| *Plaintiffs*, | : : | |
| v. | : : | |
| **DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES, LTD.,** | : : : | |
| *Defendants*. | : : | |

| | | |
|---|---|---|
| **VIIV HEALTHCARE COMPANY, SHIONOGI & CO., LTD, and VIIV HEALTHCARE UK (NO. 3) LIMITED,** | : : : | **CIVIL ACTION** **17-1737** |
| *Plaintiffs*, | : : | |
| v. | : : | |
| **DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES, LTD.,** | : : : | |
| *Defendants*. | : : | |

| | | |
|---|---|---|
| **VIIV HEALTHCARE COMPANY, SHIONOGI & CO., LTD, and VIIV HEALTHCARE UK (NO. 3) LIMITED,** | : : : | **CIVIL ACTION** **17-1741** |
| *Plaintiffs*, | : : | |
| v. | : : | |
| **CIPLA LIMITED and CIPLA USA, INC,** | : | |
| *Defendants*. | : : | |

| | | |
|---|---|---|
| **VIIV HEALTHCARE COMPANY, SHIONOGI & CO., LTD, and VIIV HEALTHCARE UK (NO. 3) LIMITED,** | : : : : | CIVIL ACTION 17-1784 |
| *Plaintiffs*, | : : | |
| v. | : : | |
| **SANDOZ INC., SANDOZ AG, and LEK PHARMACEUTICALS D.D.,** | : : : | |
| *Defendants*. | : : | |
| **VIIV HEALTHCARE COMPANY, SHIONOGI & CO., LTD, and VIIV HEALTHCARE UK (NO. 3) LIMITED,** | : : : : | CIVIL ACTION 17-1671 |
| *Plaintiffs*, | : : | |
| v. | : : | |
| **MYLAN PHARMACEUTICALS INC. and MYLAN LABORATORIES LTD.,** | : : : : | |
| *Defendants*. | : : | |

## REPORT OF RULE 26(f) MEETING

Plaintiffs ViiV Healthcare Company, Shionogi & Co., Ltd., and ViiV Healthcare UK (No. 3) Limited (collectively, "Plaintiffs") and Defendants Lupin Limited and Lupin Pharmaceuticals, Inc. (collectively, "Lupin"), Apotex Inc. and Apotex Corp. ("Apotex"), Cipla Limited and Cipla USA, Inc. ("Cipla"), Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. ("DRL"), Sandoz Inc. ("Sandoz"), Sandoz AG, and Lek Pharmaceuticals

3

D.D.,[1] and Mylan Pharmaceuticals Inc. and Mylan Laboratories Ltd. ("Mylan"), by and through their respective counsel, respectfully submit this Report of their conference held on March 26, 2018, pursuant to Fed. R. Civ. P. 26(f).

The above-captioned patent cases arise under the Hatch-Waxman Act, governing the approval of both branded and generic drugs. According to the records of the U.S. Food and Drug Administration ("FDA"), Plaintiffs hold New Drug Application ("NDA") No. 204790 for TIVICAY® (dolutegravir) Tablets for Oral Use, containing 50 mg of dolutegravir (as dolutegravir sodium) and NDA No. 205551 for TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use. Both TIVICAY® (dolutegravir) Tablets for Oral Use, containing 50 mg of dolutegravir (as dolutegravir sodium) and TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use are alleged to be covered by one or more claims of U.S. Patent No. 8,129,385 ("the '385 patent") and by one or more claims of U.S. Patent No. 9,242,986 ("the '986 patent"); both the '385 patent and the '986 patent have been listed for NDA No. 204790 and NDA No. 205551 in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, which is commonly referred to as the "Orange Book." The Orange Book currently lists the '385 patent as purportedly expiring on October 5, 2027, and the '986 patent as purportedly expiring on December 8, 2029.

In their respective letters pursuant to 21 U.S.C. § 355(j)(2)(B) ("Notice Letters"), the relevant Defendants indicated that each had submitted an Abbreviated New Drug Application(s) ("ANDA") seeking to market generic versions of TIVICAY® (dolutegravir) and/or TRIUMEQ® (abacavir, dolutegravir, and lamivudine) ("Proposed ANDA Product"). Regarding the Orange Book-listed '986 patent, each ANDA submitted by the respective Defendant includes a

---

[1] Sandoz Inc. is the only party that has been served and appeared in C.A. No. 17-1784. Sandoz AG and Lek Pharmaceuticals D.D. have not been served with the Complaint in that action.

4

certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") that the particular Defendant seeks to market its Proposed ANDA Product(s) before the expiration of the '986 patent. Thus, Plaintiffs have brought the above-captioned actions for infringement of the '986 patent.

The claims of the '986 patent allegedly cover crystal forms of dolutegravir sodium.

The parties respectfully submit this Joint Rule 26(f) Report outlining their proposed discovery plan:

**Proposed Schedule and Discovery Plan**

 A. <u>Fact Discovery</u>

 1. All discovery in this case shall be initiated so that it will be completed on or before **Wednesday, June 19, 2019.**

 2. Unless otherwise ordered by the Court, the limitations on discovery set forth in D. Del. LR 26.1 shall be strictly observed.

 3. Initial Disclosures.

  a. As of the date of filing this Report, the parties have completed exchange of initial disclosures required by Federal Rule of Civil Procedure 26(a)(1).

<span style="color:red">**Plaintiffs' Proposal: Within fourteen (14) days of the Court's entry of this Order**, the parties shall exchange the information set forth in Paragraph 3 of the Delaware District Court's Default Standard for Discovery Including Discovery of Electronically Stored Information (ESI) ("Default Standard") with the exception of the information required under Paragraph 3.a. The parties will meet and confer regarding the requirements under Paragraph 3.a. Except as modified in the Scheduling Order, Default Standard is incorporated and applies in these actions.</span>

5

**Defendants' Proposal:** Defendants agree with exchanging information in Paragraph 3 of the Default Standard with the exception of the information required under Paragraph 3.a. Defendants propose the parties meet and confer regarding the requirements under Paragraph 3.a.

b. Within **thirty (30) days after the Rule 16 conference**, Plaintiffs shall produce the file history for each asserted patent.

**Plaintiffs' Proposal**: **Within thirty (30) days after the Rule 16 conference**, Plaintiffs shall also specifically identify the accused product(s) as well as the asserted patent(s).

**Defendants' Proposal**: **Within thirty (30) days after the Rule 16 conference**, Plaintiffs shall also specifically identify the accused product(s), as well as the asserted patent(s) and the asserted claim(s) of the asserted patent(s), that the accused product(s) allegedly infringe(s) as relevant to each Defendant Family.

c. Within **thirty (30) days after Plaintiffs' disclosures** required under Paragraph A.3.b above, each Defendant Family[2] (e.g., Lupin Ltd. and Lupin Pharmaceuticals, Inc. are considered a "Defendant Family") shall produce to Plaintiffs the Abbreviated New Drug Application ("ANDA") that is the subject of the Defendant Family's particular litigation, including all up-to-date amendments or supplements thereto.

**Plaintiffs' Proposal:** The production of the ANDA shall include production of any Drug Master File ("DMF") referenced in the ANDA, including all up-to-date amendments or supplements thereto.

**Defendants' Proposal:** Defendants shall produce their respective ANDAs, and Defendants reject Plaintiffs' proposal to the extent that it requires production beyond their

---

[2] "Defendant Family" means the defendant or defendants in a single (pre-consolidation) action.

respective ANDAs.

        d.    Within **forty-five (45) days after receipt of each Defendant Family's disclosure under Paragraph A.3.c above**, Plaintiffs shall produce initial claim charts relating each known accused product to the asserted claims each such product allegedly infringes, as relevant to each Defendant Family.

        e.    Within **seventy-five (75) days after receipt of Plaintiffs' claim charts**, Defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

        f.    Contentions.

**Plaintiffs' Proposal:** Absent agreement among the parties, and approval of the Court, no later than **Monday, May 20, 2019**, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.  Plaintiffs' final infringement contentions and Defendants' final invalidity contentions shall be due on or before **Monday, August 12, 2019**.  Plaintiffs' final validity contentions and Defendants' final non-infringement contentions shall be due on or before **Tuesday, September 10, 2019.**

**Defendants' Proposal:** Plaintiffs' final infringement contentions, including any final supplement to Plaintiffs' identification of all accused products, shall be due on or before **Monday, August 12, 2019**.  Defendants' final invalidity contentions, including any final supplement to Defendants' identification of all invalidity references, shall be due on or before **Tuesday, September 10, 2019**.

    B.    <u>Document Production</u>

        1.    Document production shall be substantially complete by **Friday, February 15, 2019**.

C.  Written Discovery

1.  Interrogatories. Defendants shall be permitted to serve up to **fifteen (15) joint** interrogatories on Plaintiffs. In addition, each Defendant Family shall be permitted to serve up to **ten (10) individual** interrogatories on Plaintiffs. Plaintiffs shall be permitted to serve up to **fifteen (15) joint** interrogatories on Defendants. In addition, Plaintiffs shall be permitted to serve up to **ten (10) individual** interrogatories on each Defendant family.

2.  Requests for Admission.

**Plaintiffs' Proposal:** A maximum of **thirty-five (35) common requests for admission** are permitted for Plaintiffs directed to all Defendants, and a maximum of **thirty-five (35) common requests for admission** are permitted for all Defendants directed towards Plaintiffs. No more than an **additional ten (10) requests** for Plaintiffs to a particular Defendant Family and an **additional ten (10) individual requests** for admission for each Defendant Family to Plaintiffs are permitted. These limitations do not apply to requests for admission related to the authentication or admissibility of documents.

**Defendants' Proposal:** There is no limit to the number of requests for admission by each side, as contemplated by the Federal Rules of Civil Procedure.

D.  Depositions

1.  Limitations on Deposition Discovery. All of the Defendants collectively shall be limited to **a total of twelve (12) fact depositions** upon oral examination, including third-party fact depositions under Federal Rule of Civil Procedure 45. Plaintiffs shall be limited to a **total of six (6) fact depositions** upon oral examination, including third-party fact depositions under Federal Rule of Civil Procedure 45, with respect to each Defendant Family. The parties reserve the right to seek more depositions on a showing of good cause. Each individual fact

8

deposition shall be limited to a **maximum of seven (7) hours** on the record consistent with the Federal Rules of Civil Procedure, unless such maximum is increased by agreement of the parties or by order of the Court.  Notwithstanding this requirement, if a deponent requires the services of an interpreter or translator, each such deponent may be deposed for up to **[Plaintiffs' Proposal: ten (10) hours; Defendants' Proposal: fourteen (14) hours]**, with such deposition to count as one (1) deposition towards the total limit.  Expert depositions shall not be counted against the fact deposition limit for either Plaintiffs or Defendants.

    2.  Location of Depositions.  The parties shall meet and confer regarding the locations of depositions, taking into account convenience for the deponent and parties.

  E.  <u>Supplementation</u>: All <u>motions</u> to join other parties and/or to amend pleadings shall be filed on or before **Monday, May 20, 2019**.

  F.  <u>Claim Construction</u>

    1.  List of Claim Construction Terms.

**Plaintiffs' Proposal**: The parties shall exchange a list of those term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s) on or before **Monday, October 22, 2018**.  The parties shall exchange a list of any intrinsic and extrinsic evidence cited in support of those constructions, on or before **Monday, October 29, 2018**.  These documents will not be filed with the Court.

**Defendants' Proposal**: The parties shall exchange a list of those term(s)/phrase(s) that they believe need construction, their proposed claim construction of those term(s)/phrase(s), and any intrinsic and extrinsic evidence cited in support of those constructions, on or before **Monday, October 22, 2018**.  This document will not be filed with the Court.

    2.  Subsequent to exchanging that list, the parties will meet and confer to

prepare a Joint Claim Construction Chart to be submitted to the Court by Plaintiffs on **Tuesday, November 13, 2018**.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

3. Plaintiffs shall serve and file their opening brief on claim construction on or before **Friday, December 7, 2018**.

4. Defendants shall serve and file their single, consolidated answering claim construction brief on or before **Tuesday, January 22, 2019**.

5. Plaintiffs shall serve and file their reply brief on or before **Tuesday, February 19, 2019**.

6. Defendants shall serve and file their single, consolidated sur-reply brief on or before **Tuesday, March 19, 2019**.

7. *Markman* expert discovery will close on **Tuesday, April 2, 2019**.

8. D. Del. LR 7.1.3(a)(4) shall control the page limitations of claim construction briefs, with the surreply brief entitled to the same number of pages as the reply brief.

9. Hearing on Claim Construction.  Beginning at _____ on _____, **April \_\_\_, 2019 at** _____, the Court will hear argument on claim construction.  The parties shall notify the Court, by joint letter submission, no later than the date on which Defendants' sur-reply claim construction brief is due: (i) whether they request leave to

present testimony at the hearing; (ii) the amount of time they are requesting be allocated to them for the hearing; and (iii) the order in which they intend to present the claim terms at issue, including which side will present first for each term.

G.   Interim Status Report: On **Wednesday, June 26, 2019**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.  Thereafter, if the Court deems necessary, it will schedule a status conference.

H.   Expert Discovery

   1.   Expert discovery will close on **Wednesday, March 4, 2020**.

   2.   Expert Reports.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **Tuesday, September 17, 2019** ("opening expert report").  The responsive disclosure to contradict or rebut evidence on the same matter identified by another party in an opening expert report, including Plaintiffs' disclosure of objective indicia of non-obviousness, if any, is due on or before **Tuesday, November 12, 2019**.  Reply expert reports from the party with the initial burden of proof, including Defendants' responsive disclosure to Plaintiffs' disclosure of objective indicia of non-obviousness, are due on or before **Tuesday, December 17, 2019**.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

   3.   Supplementation.  The parties agree they **[Plaintiffs' Proposal: will not; Defendants' Proposal: will]** permit expert declarations to be filed in connection with motions briefing.

11

4. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **Wednesday, March 11, 2020**, unless otherwise ordered by the Court.

    a. *Daubert* Motion Page Limits. Each party is permitted to file as many motions objecting to expert testimony as desired.

**Plaintiffs' Proposal**: The parties will follow Paragraph 9 in Judge Goldberg's Policies and Procedures regarding the briefs allowed and the page allotment for each.

**Defendants' Proposal**: The parties will follow Judge Goldberg's Policies and Procedures for summary judgment motions regarding the briefs allowed and the page allotment for each.

    b. Hearing. The Court will hear argument on all **[Plaintiffs' Proposal:** *Daubert* motions; **Defendants' Proposal:** *Daubert* motions and case dispositive motions]** on _____, April ___, 2020, beginning at _____. Subject to further order of the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions.

I. Dispositive Motions

**Plaintiffs' Proposal**: Absent agreement between the parties, the Court generally will not hear case dispositive motions in ANDA cases.

**Defendants' Proposal**: All case dispositive motions, an opening brief, and affidavits, if any, in support of any motion shall be served and filed on or before **Wednesday, March 11, 2020**. Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.

Each party is permitted to file as many case dispositive motions as desired; provided,

however, that each party will follow Judge Goldberg's Policies and Procedures for summary judgment motions.

    J.    <u>Trial Schedule</u>

    1.    Pretrial Conference.  On **June \_\_\_, 2020**, the Court will hold a Pretrial Conference in Court, with counsel, beginning at _____.  Unless otherwise ordered by the Court, the parties should assume that filing the Pretrial Order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the Joint Proposed Final Pretrial Order on or before **Friday, May 22, 2020.**  Unless otherwise ordered by the Court, the parties shall comply with the **timeframes set forth in D. Del. LR 16.3(d)(1)-(3)** for the preparation of the Joint Proposed Final Pretrial Order.

The parties shall provide the Court two (2) courtesy copies of the Joint Proposed Final Pretrial Order and all attachments.

As noted in the Patent Pretrial Order, the parties shall include in their Joint Proposed Pretrial Order, among other things:

    a.    <u>a request for a specific number of *hours* for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be a 5 ½ to 6 ½ hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

    b.    <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;

    c.    <u>their position as to whether the Court should rule at trial on

13

<u>objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and;

    d. <u>their position as to how to make motions for judgment as a matter of law</u>, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

    2. Motions *in Limine*.  Motions *in limine* shall not be separately filed.  All *in limine* requests, responses and replies thereto shall be set forth in the proposed pretrial order.  The *in limine* request and any response and reply thereto shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No briefing, except as contemplated herein, shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

    3. Trial.  This matter is scheduled for a seven (7) day bench trial beginning at **_____ on _____, June \_\_\_\_, 2020**, with the subsequent trial days beginning at _____.  Absent instruction by the Court otherwise, the trial day will end no later than 5:30 p.m. each day.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

      4.      Post-Trial Briefing. The Parties should be prepared to discuss post-trial briefing at the Pretrial Conference.

    K.      <u>Application to Court for Protective Order</u>: Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court **within thirty (30) days of the Court's entry of a Scheduling Order.**

    Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    Pending entry of an appropriate protective order, any materials deemed confidential shall be produced, and maintained, pursuant to D. Del. LR 26.2. Absent Court order or agreement of all relevant parties in writing, Plaintiffs shall not make any information deemed confidential by a Defendant Family available to another Defendant Family.

    L.      <u>ADR Process</u>: Having discussed the ADR process during the Rule 16 scheduling conference, the Court will schedule one or more teleconferences to discuss ADR with the parties during the pendency of this case.

    M.      <u>Service by E-Mail</u>: The parties have consented in writing to service by electronic means, in accordance with Federal Rule of Civil Procedure 5(b)(2)(E). The parties agree that

service on any party by electronic means shall be made on both Delaware and Lead Counsel who have appeared on behalf of that party.

**Miscellaneous**

A.      Consolidation: Plaintiffs are submitting this Joint Report with the understanding that the above-captioned actions will be consolidated or, at a minimum, jointly administered, according to the standard practice in Delaware.  When Plaintiffs sought to confirm their understanding during the Rule 26(f) telephone conference on March 26, 2018, Defendants did not disclose their respective positions.  However, Defendants will be prepared to discuss their respective positions regarding consolidation at the Rule 16 conference.

B.      Mylan's Motion to Dismiss: On January 12, 2018, Mylan Pharmaceuticals Inc. filed a motion to dismiss for improper venue and Mylan Laboratories Ltd. submitted a motion to dismiss for failure to state a claim.  Mylan filed a letter March 7, 2018 (D.I. 23) describing Plaintiffs' and Mylan's agreement to administratively close the motion to dismiss, entered on March 22, 2018 (D.I. 27).  At this time, there is no change in the status of Mylan Pharmaceuticals Inc.'s motion to dismiss for improper venue; however, Plaintiffs and Mylan are discussing an agreement that would render moot the motion to dismiss for failure to state a claim by Mylan Laboratories Ltd.

C.      Service of Sandoz AG and Lek Pharmaceuticals D.D.: Plaintiffs have not yet served Sandoz AG, a Swiss corporation, and Lek Pharmaceuticals D.D., a Slovenian corporation.. Plaintiffs filed a letter March 16, 2018 (D.I. 20) to inform the Court that Plaintiffs have initiated service through the Hague Convention.

| | |
|---|---|
| McCARTER & ENGLISH, LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| /s/ Daniel M. Silver | /s/ Robert M. Vrana |
| Michael P. Kelly (#2295) | Adam W. Poff (#3990) |
| Daniel M. Silver (#4758) | Robert M. Vrana (#5666) |
| Benjamin A. Smyth (#5528) | Rodney Square |
| Renaissance Centre | 1000 North King Street |
| 405 N. King Street, 8th Floor | Wilmington, DE 19801 |
| Wilmington, Delaware 19801 | (302) 571-6600 |
| (302) 984-6300 | apoff@ycst.com |
| mkelly@mccarter.com | rvrana@ycst.com |
| dsilver@mccarter.com | |
| bsmyth@mccarter.com | Of Counsel: |

McCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
bsmyth@mccarter.com

Of Counsel:

Lisa B. Pensabene
Daniel O'Boyle
Carolyn Wall
Caitlin Hogan
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
(212) 326-2000

*Attorneys for Plaintiffs ViiV Healthcare Company, Shionogi & Co., Ltd., and ViiV Healthcare UK (No. 3) Limited*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Robert M. Vrana
Adam W. Poff (#3990)
Robert M. Vrana (#5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
rvrana@ycst.com

Of Counsel:

Deepro R. Mukerjee
Lance Soderstrom
Stephanie M. Roberts
ALSTON & BIRD LLP
90 Park Avenue
15th Floor
New York, NY 10016-1387
(212) 210-9400
deepro.mukerjee@alston.com
lance.soderstrom@alston.com
stephanie.roberts@alston.com

Joseph M. Janusz
ALSTON & BIRD LLP
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
(704) 444-1000
joe.janusz@alston.com

*Attorneys for Defendants Apotex Inc. and Apotex Corp.*

| | |
|---|---|
| SMITH, KATZENSTEIN & JENKINS LLP | PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A. |
| /s/ Eve H. Omerod | /s/ John C. Phillips, Jr. |
| Neal C. Belgam (#2721) | John C. Phillips, Jr. (#110) |
| Eve H. Ormerod (#5369) | David A. Bilson (#4986) |
| 1000 West Street, Suite 1501 | 1200 North Broom Street |
| Wilmington, Delaware 19801 | Wilmington, Delaware 19806 |
| (302) 652-8400 | (302) 655-4200 |
| nbelgam@skjlaw.com | jcp@pgmhlaw.com |
| eormerod@skjlaw.com | dab@pgmhlaw.com |

Of Counsel (Cipla):

Andrew J. Miller
Stuart D. Sender
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078
(973) 379-4800
amiller@buddlarner
ssender@buddlarner.com

*Attorneys for Defendants*
*Cipla Ltd. and Cipla USA, Inc.*

Of Counsel (Lupin):

William A. Rakoczy
Amy D. Brody
Matthew V. Anderson
Cynthia H. Sun
Xiaomei Cai
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
(312) 222-6301
wrakoczy@rmmslegal.com
abrody@rmmslegal.com
manderson@rmmslegal.com
csun@rmmslegal.com
xcai@rmmslegal.com

*Attorneys for Defendants*
*Lupin Limited and Lupin Pharmaceuticals, Inc.*

ME1 26896575v.1

| | |
|---|---|
| HEYMAN ENERIO GATTUSO & HIRZEL LLP | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
| /s/ Dominick T. Gattuso | /s/ Dominick T. Gattuso |
| Dominick T. Gattuso (#3630) | Dominick T. Gattuso (#3630) |
| 300 Delaware Avenue, Suite 200 | 300 Delaware Avenue, Suite 200 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| (302) 472-7300 | (302) 472-7300 |
| dgattuso@hegh.law | dgattuso@hegh.law |
| Of Counsel: | Of Counsel: |
| Jovial Wong | Kathleen B. Barry |
| Sharon Lin | WINSTON & STRAWN LLP |
| WINSTON & STRAWN LLP | 35 West Wacker Drive |
| 1700 K. Street, N.W. | Chicago, IL 60601 |
| Washington, D.C. 20006 | (312) 558-5600 |
| (202) 282-5000 | kbarry@winston.com |
| jwong@winston.com | |
| slin@winston.com | Jovial Wong |
| | Claire A. Fundakowski |
| *Attorneys for Defendants* | Sharon Lin |
| *Dr. Reddy's laboratories, Inc.* | WINSTON & STRAWN LLP |
| *and Dr. Reddy's Laboratories, Ltd.* | 1700 K. Street, N.W. |
| | Washington, D.C. 20006 |
| | (202) 282-5000 |
| | jwong@winston.com |
| | cfundakowski@winston.com |
| | slin@winston.com |
| | *Attorneys for Defendant* |
| | *Sandoz Inc.* |
| DEVLIN LAW FIRM LLC | |
| /s/ James Michael Lennon | |
| James Michael Lennon (#4570) | |
| James Gorman III (#6284) | |
| 1306 North Broom Street, Suite 1 | |
| Wilmington, Delaware 19806 | |
| (302) 449-7676 | |
| jlennon@devlinlawfirm.com | |
| jgorman@devlinlawfirm.com | |

ME1 26896575v.1

Of Counsel:

Shannon M. Bloodworth
Brandon M. white
PERKINS COIE LLP
700 Thirteenth Street NW, Suite 600
Washington, D.C. 20005-3960
(202) 654-6200

Emily J. Greb
PERKINS COIE LLP
1 East Main Street, Suite 201
Madison, WI 53703
(608) 663-7460

Bryan D. Beel
PERKINS COIE LLP
1120 NW Couch Street, 10th Flr
Portland, OR 97209
(503) 727-2000

*Attorneys for Defendants*
*Mylan Pharmaceuticals Inc. and Mylan*
*Laboratories Ltd.*